IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KLM RESOURCES, LLC<br>d/b/a Jan-Pro Houston | §§§ | |
| V. | § | CIVIL ACTION NO. G-10-593 |
| | § | |
| OHIO CASUALTY INSURANCE<br>COMPANY | §§§ | |

## OPINION AND ORDER

Before the Court is the "Motion to Reopen the Appraisal Process" of Plaintiff, KLM Resources, LLC d/b/a Jan-Pro of Houston (KLM); the Motion seeks an abatement of the appraisal award and permission to conduct discovery on the issue of whether the award was the result of mistake and may, therefore, be disregarded. Having now considered the Motion and all relevant submissions, the Court issues this Opinion and Order.

KLM filed suit against its insurer, Ohio Casualty Insurance Company (Ohio Casualty), seeking to recover its loss of business income as a result of losses suffered by its franchisees following Hurricane Ike. Ohio Casualty invoked its right to an appraisal as provided in the insurance policy. Harold Asher, who had been retained by KLM as an expert on damages, was also appointed by KLM to act as its appraiser. Ohio Casualty selected Edward Hoffman, a forensic accountant, as its appraiser. Asher and Hoffman agreed to the appointment of Howard Zandman as umpire. Ultimately, Zandman and Hoffman agreed to an award of approximately $5,000.00. Asher, who estimated KLM's loss at approximately $92,000.00, disagreed and refused to sign the award. Since the award was less than the $10,000.00 advance that had

already been paid to KLM, no additional payment was due. Following the award, and facing a Motion for Summary Judgment as to all of its claims, KLM filed the instant Motion.

KLM does not challenge Zandman's credentials; Zandman is a certified forensic accountant. Nor has KLM offered any evidence of collusion or dishonesty by Zandman during the appraisal process. The sole basis asserted by KLM to justify avoiding the award is its belief that Zandman's, and apparently Hoffman's, methodology was flawed and the award was, as a consequence, the result of a mistake. Under well-established applicable Texas law, "mistake" in this context has a narrowly defined meaning: an actionable "mistake" is one which caused an award to operate in a way the appraisers did not intend. Providence Washington Insurance Co. v. Farmers Elevator Co., 141 S.W.2d 1024, 1026-27 (Tex. Civ. App. -- Amarillo, 1940, no writ) (Trial court's judgment setting aside an award by two appraisers and an umpire reversed and rendered because there was no mistake -- the award was the intended result.); see also, Continental Insurance Co. v. Querson, 93 S.W.2d 591, 594 (Tex. Civ. App. -- San Antonio, 1936, writ dism'd) (The court cannot concern itself where the award embodies the appraisers' real judgment.)

KLM has offered no evidence of mistake under this standard. Asher's affidavit simply expresses his disagreement with some of Zandman's assessment methods. Such a disagreement can be expected to arise during appraisals, Providence Lloyds v. Crystal City ISD, 877 S.W.2d 872, 877 (Tex. App. -- San Antonio, 1994), but even a reasonably held strong disagreement of this nature does not establish that the award was in an amount different from what Zandman and Hoffman intended. While this Court can certainly understand KLM's condemnation of the award

it cannot, even if sympathetic to KLM's arguments, vacate the award because the umpire, in the exercise of his independent judgment, awarded far less than what KLM's appraiser, or even the Court itself, deems appropriate.  Providence Lloyds, 877 S.W.2d at 877-78   In the opinion of this Court, there is simply no evidentiary support on this record for KLM's argument that the appraisal award is a result of "mistake" of the kind that would permit the Court to disregard it.

It is, therefore, the **ORDER** of this Court that the "Motion to Reopen the Appraisal Process" (Instrument no. 50) of Plaintiff, KLM Resources, LLC d/b/a Jan-Pro of Houston, is **DENIED**.

**DONE** at Galveston, Texas, this _____25th_____ day of May, 2012.

_____
John R. Froeschner
United States Magistrate Judge